IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICO CLARK,
SHELBY TURNER, and
NATHANIAL FLEMING,

      Plaintiff,

v.

J.B. PRITZKER, *et al.,*

      Defendants.

Case No. 20-cv-01133-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for docket control. The Complaint was jointly filed by three *pro se* Plaintiffs, Rico Clark, Shelby Turner, and Nathanial Fleming, inmates of the Illinois Department of Corrections who are currently incarcerated at Menard Correctional Center ("Menard"), pursuant to 41 U.S.C. § 1983. Plaintiffs claim that they have been subjected to unconstitutional conditions of confinement and denied adequate health care during the COVID-19 pandemic. (Doc. 1). Along with the Complaint, they filed a Motion for Preliminary Injunction, which remains pending. (Doc. 2).

In screening the Complaint, pursuant to 28 U.S.C. 1915A, the Court warned Plaintiffs of the consequences and difficulties of proceeding jointly in a single lawsuit. (Doc. 7). Specifically, they were warned that any document filed on behalf of multiple plaintiffs must be signed by each plaintiff. Each Plaintiff was given until November 30, 2020, to advise the Court whether he wanted to proceed as a litigant in this group action. (*Id.* at p. 17). Three documents were then filed on behalf of all Plaintiffs, but the documents were not signed by all three Plaintiffs. (Docs. 21, 35, 36). The documents were stricken for failure to comply with Rule 11 of the Federal Rules of Civil

Procedure. Plaintiffs did not advise the Court whether they wished to proceed in this action, and so, the Court then extended the deadline. (Doc. 37). On December 7, 2020, Plaintiff Fleming filed a motion requesting to proceed jointly in this case and informed the Court that he had been placed in segregation. (Doc. 40). The Court granted the motion. (Doc. 44).

Subsequently, on December 22, 2020, Plaintiffs Clark and Turner filed a motion to separate their claims. (Doc. 50). Plaintiffs Clark and Turner state they want to continue litigating this case with Plaintiff Fleming, but they cannot comply with "the rules in which all (3) Plaintiffs would be required to sign the motion" because Fleming is now housed in a different cell house than Plaintiffs Clark and Turner. They wish to proceed jointly together. Plaintiffs Clark and Turner have also filed a motion asking for the Court to reconsider the order striking the motion for reconsideration of the merit review order, which was signed by only Clark and Turner and stricken for failure to comply with Rule 11. (Doc. 47). They ask the Court to consider the arguments in the motion for reconsideration to the extent they apply to only Clark and Turner. Plaintiff Turner refiled the motion for reconsideration on December 21, 2020, and he was the only Plaintiff to sign the motion. (Doc. 48). On December 28, 2020, Plaintiffs Clark and Turner filed a motion asking the Court to allow them to submit a combined reply to Defendants' responses to the motion for summary judgment on behalf of all three Plaintiffs. (Doc. 52). These motions are currently pending. (Docs. 47, 48, 50, 52). Defendants have filed responses to the motions, asking the Court to deny the motions or, in the alternative, strike them as failing to comply with Rule 11. (Docs. 53, 54, 56).

Although the Plaintiffs in this case satisfy the requirements for permissive joinder under Rule 20(a) of the Federal Rules of Civil Procedure, the Court has the discretion to sever a party at any time. *See* FED. R. CIV. P. 21. The Seventh Circuit has stated,

> "[T]his discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental

fairness."

*Chavez v. Ill. State Police,* 251 F. 3d 612, 632 (7th Cir. 2001) (internal quotations and citations omitted). It is clear from the various motions filed by Plaintiffs that allowing them to proceed jointly in this case will only create unnecessary "prejudice, expense or delay[.]" *Id.* (quoting CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1652 at 396 (2001)).

As non-attorneys proceeding *pro se,* Plaintiffs may not sign or file motions or pleadings on behalf of each other. Therefore, each Plaintiff must sign every filing affecting his claims. *See* FED. R. CIV. P. 11. While obtaining signatures at the beginning of the case may be relatively easy, as the case progresses it can become more difficult for incarcerated persons to proceed together in a single action. Inmates can be transferred to another facility or relocated within a facility at any time and without any notice. *See Sandin v. Conner,* 515 U.S. 472, 485 (1995). "When the plaintiffs are no longer housed together in the same unit, it may be impossible [to] obtain each other's signatures." *See Hunter v. Allen Cty. Jail,* No. 20-cv-412-WCL-SLC, 2020 WL 6874210, at *1 (N.D. Ind. Nov. 23, 2020). Here, all Defendants have not yet answered the Complaint, and all three Plaintiffs are already unable to jointly file documents with the Court. Plaintiff Fleming is now housed in segregation, in another cell house, and Plaintiffs Clark and Turner are unable to coordinate litigation with him and obtain his signature before filing documents. Although Plaintiffs Clark and Turner wish to proceed together, they too could be relocated to another facility or cell house at any time, and thereby unable to continue jointly litigating this case. Furthermore, Plaintiffs have been informed on more than one occasion of the requirements under Rule 11; however, there continues to be confusion on which documents filed with the Court must be signed by all Plaintiffs. (*See* Docs. 7, 25, 37, 47, 50, 52).

Finally, the Court notes that Defendant Wexford Health Sources, Inc. ("Wexford") has raised Plaintiffs' failure to exhaust administrative remedies as an affirmative defense in its Answer

to the Complaint. (Docs. 55). Administrative remedies must be exhausted by each Plaintiff personally, and therefore, these allegations will be adjudicated individually should Defendant Wexford file a motion for summary judgment on exhaustion. *See* 42 U.S.C. § 1997e(a); *Hunter,* 2020 WL 6874210, at *2 (noting that each plaintiff "must separately exhaust every one of the claims he is brining before filing suit" even if the plaintiffs have similar claims).

For these reasons, the Court finds that joinder in this case will further delay the fair and efficient litigation of each Plaintiffs' claims. *See Bledson v. Zenk,* No. 19-cv-278-TLS-JPK, 2020 WL 3818787, at * 2 (N.D. Ind. Aug. 13, 2019) ("Separate lawsuits will 'secure the just, speedy, and inexpensive determination of [this] proceeding." (citing FED. R. CIV. P. 1)). As such, the Plaintiffs in this case should not be joined, and the claims of Plaintiffs Turner and Clark will be severed into separate actions. *See* FED. R. CIV. P. 21 ("The Court may also sever any claim against a party."). This Order, however, does not prevent Plaintiffs from continuing to cooperate and assist one another or coordinate their litigation. It also does not prevent future consolidation by the Court pursuant to Rule 42(a), at a later time as necessary for efficiency. Because of the overlap of claims in this case, and the potential that some claims may be consolidated for the purposes of discovery or trial in the future, the undersigned shall be assigned to the newly-severed cases.

The following motions are **DENIED without prejudice**, to be refiled by each Plaintiff in his respective case, as he considers necessary: Motion to Allow Motion for Reconsideration (Doc. 47), Motion for Reconsideration (Doc. 48), and Motion to be Allowed to Answer Defendants Reply to Plaintiffs Preliminary Injunction (Doc. 52). The Motion to Strike (Doc. 56) filed by Defendants is **DENIED**. In light of this Order, the Motion to Separate (Doc. 50) filed by Plaintiffs Clark and Turner is **GRANTED in part**. The Motion for Preliminary Injunction (Doc. 2) remains pending and will be filed in each new case. Each Plaintiff shall have until **February 23, 2021**, to file a reply to Defendants' responses in opposition to the Motion for Preliminary Injunction (Doc.

26, 29) in his case, keeping in mind that "[r]eply briefs are not favored and should be filed only in exceptional circumstances." SDIL-LR 7.1(g).

## DISPOSITION

For the reasons stated above, Plaintiffs Clark and Turner are **TERMINATED** as parties in this action. The Clerk of Court is **DIRECTED** to open a new case for each Plaintiff, captioning them as follows:

Case 1:   RICO CLARK, Plaintiff v. J.B. PRITZKER, ROB JEFFREYS, WARDEN WILLIS, WEXFORD HEALTH SOURCES, INC., JOHN DOE 1, and HINTON, Defendants.

Case 2:   SHELBY TURNER, Plaintiff v. J.B. PRITZKER, ROB JEFFREYS, WARDEN WILLIS, WEXFORD HEALTH SOURCES, INC., JOHN DOE 1, and HINTON, Defendants.

The Clerk is further **DIRECTED** to assign the undersigned judge to the newly-severed cases (Case 1 and Case 2) and to file the following documents from the original case in Case 1 and Case 2:

(1) This Memorandum and Order;
(2) The Complaint (Doc. 1);
(3) The Motion for Preliminary Injunction (Doc. 2);
(4) The Merit Review Order (Doc. 7);
(5) The Response in Opposition (Doc. 26);
(6) The Response in Opposition (Doc. 29);
(7) Answer to Complaint filed by Wexford Health Sources, Inc. (Doc. 55).

The filing fees in Case 1 and Case 2 are deemed satisfied. Finally, the Clerk is **DIRECTED to** change the caption of this case to: NATHANIAL FLEMING, Plaintiff v. J.B. PRITZKER, ROB JEFFREYS, WARDEN WILLIS, WEXFORD HEALTH SOURCES, INC., JOHN DOE 1, and HINTON, Defendants. Only Plaintiff Fleming will proceed in this action.

The following motions are **DENIED without prejudice**, to be refiled by each Plaintiff in his respective case, as he considers necessary: Motion to Allow Motion for Reconsideration (Doc. 47), Motion for Reconsideration (Doc. 48), and Motion to be Allowed to Answer Defendants Reply to Plaintiffs Preliminary Injunction (Doc. 52). The Motion to Strike (Doc. 56) filed by

Defendants is also **DENIED**. The Motion to Separate (Doc. 50) is **GRANTED in part**. The Motion for Preliminary Injunction (Doc. 2) remains pending. Each Plaintiff shall have until **February 23, 2021**, to file a reply to Defendants' responses in opposition to the Motion for Preliminary Injunction (Docs. 26, 29) in his respective case.

The deadline for Defendants Hinton, Jeffreys, Pritzker, and Willis to file an Answer to the Complaint remains **February 18, 2021**. An answer should be filed in the original case and each severed case (Case 1 and Case 2).

**IT IS SO ORDERED.**

DATED:   February 9, 2021

 _s/ Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**