IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIAL FLEMING, #S08166, | |
| Plaintiff, | Case No. 20-cv-01133-SPM |
| v. | |
| J.B. PRITZKER, ROB JEFFREYS, ANTHONY WILLS, WEXFORD HEALTH SOURCES, INC., JOHN DOE 1, and MELVIN HINTON, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on motions for summary judgment on the issue of failure to exhaust administrative remedies filed by all Defendants. (Doc. 76, 79). Plaintiff Nathanial Fleming has not filed a response in opposition. For the reasons set forth below, the motions for summary judgment are granted.

BACKGROUND

Plaintiff Nathanial Fleming, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), alleges he was subjected to unconstitutional conditions of confinement and denied adequate health care during the COVID-19 pandemic. Fleming initiated this action by jointly filing a Complaint with two other Plaintiffs, also inmates at Menard, on October 28, 2020. (Doc. 1). After determining that joinder of the three Plaintiffs would further delay the fair and efficient litigation of each Plaintiff's claims, the Court severed the case into three separate lawsuits. (Doc. 57). Fleming is now the sole plaintiff in this case and proceeding on the following counts:

| | |
|---|---|
| **Count 1:** | Eighth Amendment claim against Pritzker, Jeffreys, and Wills for overcrowded conditions at Menard, which subjected Plaintiffs to unconstitutional conditions of confinement, including the failure to follow COVID-19 safety protocols and delay of medical treatment. |
| **Count 2:** | Eighth Amendment claim of against Pritzker, Jeffreys, Wills, John Doe #1, and Hinton for failing to enforce and implement necessary safety protocols to protect Plaintiffs from the spread of and exposure to COVID-19. |
| **Count 3:** | Eighth Amendment claim of denial of adequate medical care against Pritzker, Jeffreys, Wills, John Doe #1, and Hinton for providing Plaintiffs delayed and inadequate treatment after they contracted COVID-19. |
| **Count 4:** | Eighth Amendment claim of cruel and unusual punishment against Pritzker, Jeffreys, Wills, John Doe #1, and Hinton for quarantining Plaintiffs in unconstitutional conditions of confinement. |
| **Count 5:** | Eighth Amendment claim against Wexford for denial of adequate medical care to Plaintiffs. |
| **Count 6:** | State law claim of intentional infliction of emotional distress against Pritzker, Jeffreys, Wills, John Doe #1, Hinton, and Wexford. |

(Doc. 7). On August 2, 2021, Defendant Wexford Health Sources, Inc. ("Wexford") filed a motion for summary judgment, and on September 16, 2021, Defendants Hinton, Jeffreys, Pritzker, and Wills filed a motion for summary judgment. (Doc. 76, 79). All Defendants argue that Fleming failed to exhaust his administrative remedies prior to initiating this suit, as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e(a).

In the Initial Scheduling and Discovery Order, Fleming was warned that the failure to respond to a motion for summary judgment on exhaustion may result in an order granting the motion. (Doc. 62, p. 5). Additionally, Defendants provided Fleming a Rule 56 Notice stating that he had 30 days from service to respond to the motions and that, pursuant to the Local Rules of this District, failure to file a response within the deadline may "be considered an admission of the merits of the motion." (Doc. 81, citing SDIL-LR 7.1(c)(1)). After Defendants filed their motions for summary judgment, Fleming filed a motion requesting an extension of the response deadline.

(Doc. 82). The motion was granted, and his response was due November 15, 2021. (Doc. 83).

The response deadline is long past, and he has not filed any response to the motions despite the above notices of the consequences, nor has he requested any further extensions.

## LEGAL STANDARDS

### *I. Summary Judgment*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c).

### *II. Exhaustion of Administrative Remedies*

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion of available administrative remedies must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to properly utilize a prison's grievance

process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809. The statutory purpose of the PLRA is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This allows the prison administration an opportunity to fix the problem or to reduce the damages and perhaps shed light on factual disputes that may arise in litigation even if the prison administration's solution does not fully satisfy the prisoner. *See Pozo,* 286 F.3d at 1023-24. To allow otherwise would frustrate the purpose of the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 526 (2002).

### III. Grievance Procedures

As an inmate in the custody of IDOC, Fleming was required to follow the grievance procedure laid out in the Illinois Administrative Code ("grievance procedures"). 20 ILL. ADMIN. CODE § 504.800, *et seq*. The grievance procedures direct an inmate is to file a grievance first with the Counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). The grievance form must:

> [C]ontain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c). Grievances that are unable to be resolved through routine channels are then sent to a Grievance Officer. *See* 20 ILL. ADMIN. CODE § 504.820(a). The Grievance Officer will review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). The Grievance Officer must submit his findings to the Chief Administrative Officer ("CAO") within two months after receiving the grievance. 20 ILL. ADMIN. CODE § 504.830(e). The CAO then reviews the findings and recommendation of the Grievance Officer and issues a written decision to the inmate. *Id*. If the inmate is not satisfied with the

response, he can file an appeal with the Administrative Review Board ("ARB"). *See* 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days after the date of the decision by the CAO. *Id.* Only after a grievance is reviewed by the ARB is it deemed exhausted. *See Pozo*, 286 F.3d at 1023–24.

## ANALYSIS

Defendants assert, and grievance records show, that Fleming filed one grievance at the facility level from March 2020 through October 28, 2020. (Doc. 80, p. 3). That grievance was related to educational and vocational programs at the facility. (Doc. 80-6, p. 18; Doc. 80-7, p. 3). Furthermore, there are no records that Fleming appealed any grievances to the Administrative Review Board relating to issues at Menard from March 2020 through October 28, 2020. (Doc. 76, p. 3; Doc. 76-1, p. 2-3; Doc. 80, p. 3, Doc. 80-5, p. 4).

As mentioned, Fleming did not file a response to Defendants' motions. Pursuant to Federal Rule of Civil Procedure 56(e), "[i]f a party fails ... to properly address another party's assertion of fact" the Court may "consider the fact undisputed for purposes of the motion." Also, under Local Rule 7.1(c), a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." Thus, the Court deems Fleming's failure to respond as an admission of the merits of the motions filed by Defendants. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts).

Based on this admission, the Court finds that Fleming failed to exhaust his administrative remedies as to each of his claims prior to initiating this lawsuit. There is no evidence that he filed any grievances regarding COVID-19 procedures at Menard, his conditions of confinement while on quarantine, or his medical care, neither has he asserted that he attempted to grieve his issues yet his administrative remedies were somehow unavailable to him. Accordingly, Defendants are

entitled to summary judgment on each of Fleming's claims. (Counts 1, 2, 3, 4, 5, and 6).

### DISMISSAL OF JOHN DOE

In the Initial Scheduling and Discovery Order, the Court set a deadline of June 18, 2021, for Fleming to file a motion to substitute a specific Defendant for the John Doe or, if John Doe remained unidentified, to file a motion specifying additional steps that could be taken to identify the Doe Defendant. (Doc. 62). The Court stated that failure to file a motion to substitute by that date would result in the dismissal of the John Doe Defendant without prejudice. Additionally, the Court set a deadline of July 19, 2021, for Fleming to file a motion for leave to amend the complaint to include any additional claims or parties. The Court noted that failure to comply would likely bar further amendment of the complaint. Fleming has not filed a motion to substitute or moved to amend the complaint to identify the John Doe Defendant, and he has not otherwise informed the Court of this defendant's identity. Accordingly, John Doe is dismissed without prejudice.

### DISPOSITION

For the reasons provided, the Court **GRANTS** the motion for summary judgment (Doc. 76) filed by Defendant Wexford Health Sources, Inc and **GRANTS** the motion for summary judgment (Doc. 79) filed by Defendants Hinton, Jeffreys, Pritzker, and Wills.

The Court **DISMISSES** the John Doe Defendant without prejudice. The Clerk is **DIRECTED** to **TERMINATE** him as a party.

This case is **DISMISSED without prejudice** for failure to exhaust. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** January 31, 2022

                                                               *s/Stephen P. McGlynn*
                                                         **STEPHEN P. MCGLYNN**
                                                         **United States District Judge**